Judges—D. C. Westenhaver, Cleveland; John M. Killits, Toledo, and Paul J. Jones, Youngstown.

Clerk—Bertrand C. Miller, Federal Building, Cleveland.

Chief Deputy—Fred T. Denzler.

District Attorney—A. E. Bernsteen.

U. S. Marshal—George W. Stauffer, Ottawa.

At Cleveland. First Tuesday in February, April and October.

At Youngstown. First Tuesday after the first Monday of March.

Any suit brought in Eastern Division may be tried at Youngstown term, which is a trial term only. All filings in cases transferred to Youngstown term may be made at Cleveland, except during Youngstown term.

Western Division—at Toledo—
On the last Tuesday in April and October;

Both divisions have the same set of officers.

The Clerk and Marshal each has an office and deputies in regular attendance, at both Cleveland and Toledo.

#### SOUTHERN DISTRICT:

Judges—John E. Sater, Columbus, Smith Hickenlooper, Cincinnati.

Clerk—Boyd E. Dilley, Cincinnati; Harry F. Rabe, Cincinnati, Chief Deputy.

District Attorney -

Terms of Court—Eastern Division—

At Columbus, on the first Tuesday of June and December.

At Dayton, on the first Monday in May and November.

Any suit that may be brought in the Southern District may be instituted, tried and determined at Dayton term.

Western Division—At Cincinnati, on the first Tuesday in February, April and October.

Both divisions have the same set of officers, but the Clerk and Marshal each has an office and deputies in regular attendance in both Columbus and Cincinnati.

### Notice to the Bar

1. Cases must be ordered for trial not less than thirty days before the first day of the term.

2. A list of all cases thus ordered for trial shall be printed by the clerk, and a copy thereof shall be sent to each counsel of record, at least five days before the preliminary call, with notice of the time when the call will take place. Failure to receive the copy or notice will not excuse counsel from attending the call.

3. In order to enable the Court properly to prepare a day by day calendar, a preliminary call of the entire list will be had at a time to be notified as above provided. The Court will understand that cases not then answered to are ready for trial upon any day that may be designated.

Application for continuance, and all other applications affecting the list, of which at least twenty-four hours' notice must be given to opposing counsel, must be made upon this call, and not afterwards, except for reasons thereafter arising.

4. After the call is finished, the day by day calendar for the term will be prepared, and a copy thereof immediately sent to each counsel of record, but a failure to receive such copy will not be a ground for a continuance

---

### No. 375
### WINE v. WINE
Ohio Court of Appeals, Lucas County
No. 1302. March 26, 1923

This opinion has not been published except in Abstract.

**DIVORCE**—(1) Court of Appeals has power to reverse a judgment on the merits in a divorce case—
(2) Verdict against weight of evidence reversed—
(3) Issue must be confined to pleadings or to evidence.

RICHARDS, J.;
Epitomized Opinion

Error to Lucas Common Pleas; reversed.

Wm. Wine sued Lottie Wine for divorce, alleging misconduct. Lottie W. filed an answer denying the charges, but did not file a cross petition either for divorce or alimony. The case was tried on its merits and resulted in a judgment for Lottie awarding to her $275 per month as alimony. Her counsel contends that the Court of Appeals is without jurisdiction to reverse a judgment tried on its merits. Held by the Court of Appeals in reversing judgment:

1. The Court of Appeals has power to reverse all final judgments of courts of Common Pleas and other courts of record.

2. The evidence in this case does not justify a verdict for the defendant and the judgment must be reversed.

3. The issues in a case should be confined to and defined by either the pleadings or the evidence. Neither the pleadings nor the evidence raised the question of alimony in this case and the judgment awarding alimony is not justified.

Attorneys—Brown, Geddes, Schmettau & Williams and H. W. Morgan, for Wm. Wine; Hackett & Lynch, contra.

---

### No. 376
### BUCHER & GIBBS PLOW CO. v. INTERNATIONAL HAVESTER CO. OF AMERICA
U. S. District Court, N. D. of Ohio, E. D.
No. 11459. March 16, 1923

This opinion has not been published except in Abstract.

**PATENTS**—(1) Liability of licensee for royalties.
WESTENHAVER, D. J.
Epitomized Opinion

This was an action to recover royalties alleged to have accrued under a patent license agreement. The defendant International Harvester Co. of America was a selling company selling articles manufactured by the International Harvester Co. of New Jersey.

Under an agreement of settlement the defendant agreed to pay the plaintiff for past infringements and also infringements by itself and the manufacturing company; and also a non-exclusive license thereafter to make or cause, be made and to sell the disc harrows or tandem attachments embodying the invention of the patent. For this license the defendant agreed to pay certain royalties. The defendant then turned the license over to the manufacturing corporation to manufacture the patented goods for it. Subsequently the plaintiff executed a non-exclusive license to an Illinois corporation, which company was later purchased by the International Harvester Co. of New Jersey, the manufacturing corporation. As the defendant Harvester Co., which procured all of its goods from the manufacturing corporation, refused to pay the royalty, the plaintiff sued: In its answer the defendant claimed that inasmuch as the plaintiff received its license fee from the royalty sold to the former Illinois corporation, now held by the manufacturing corporation, it was not entitled to receive another royalty on the same goods from the defendant selling corporation. Plaintiff filed a demurred to this answer. Held:

1. The first licensee having expressly bound itself by its contract to pay royalties on all patented discs that it should make or have made, could not escape therefrom by relying on the license owned or possessed by the person whom it procured or caused to manufacture the patented article.

Attorneys—Frease & Bond, for Plow Co.; Fay, Oberlin & Fay, and H. P. Doolittle, for Harvester Co.